FILED at 3:11 P M
12/4, 2013
Courtroom Deputy/Scheduling Clerk
U.S. District Court
Middle District of Georgia

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

UNITED STATES OF AMERICA : Crim. No. 1:13-CR-35(WLS)

v.

NICHOLAS D. POWERS, III.

# PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and NICHOLAS D. POWERS, III, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the charges against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant his understanding of the government's evidence.

(2)

The Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. The Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the government would have the burden of proving Defendant's guilt beyond a reasonable doubt. The Defendant understands that Defendant would be entitled to the services of a lawyer at all stages of such a

JC

trial. The Defendant understands that Defendant would be entitled to confront and to cross-examine the government's proof, and to present witnesses and evidence in Defendant's own behalf. The Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's lawyer. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. So the Defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The Defendant expressly waives any



NP Defendant's initials

ZW Defense counsel's initials

JC AUSA's initials

claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11, Federal Rules of Criminal Procedure, as follows:

**(A) Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to:**

- **Count One of the Indictment which charges Defendant with Conspiracy to Make Commissions or Gifts for Procuring Loans, in violation of 18 U.S.C. §§ 371 i/c/w 215(a)(1).**

**(B) That Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant to the following penalties:**

**(1) <u>Plea of Guilty to Count One, 18 U.S.C. § 371 i/c/w 215(a)(1),</u>**

- **a maximum term of imprisonment of Five (5) years;**
- **a maximum fine of Two Hundred Fifty Thousand Dollars ($250,000.00)**



NP **Defendant's initials**

EK **Defense counsel's initials**

**AUSA's initials**

**or both;**

- **a term of supervised release of One (1) year;**
- **a mandatory assessment of $100.00.**

(C) The Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's counsel, the government, or the Probation Office. The Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the government, Defendant's counsel, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct guideline range.

(D) The Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to consider or determine an advisory guideline sentencing range until after a pre-sentence investigative report has been completed. The Defendant understands and has discussed with Defendant's attorney that the Defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein. The Defendant understands and has discussed with Defendant's attorney that any objections or



NP **Defendant's initials** JC **AUSA's initials**

EH **Defense counsel's initials**

challenges by the Defendant or Defendant's attorney to the Pre-Sentence Report, the Court's evaluation and rulings on that Report, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(E) Defendant understands and has discussed with Defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

(F) Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G) **Waiver of Appeal**: The Defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a Defendant's sentence. But once this agreement is accepted and sentence is imposed by the District Court, Defendant by this agreement forever waives any right to an appeal or other collateral review of Defendant's sentence in any court. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the Defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence. In





the event that the Defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only.

The Defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney appeals the Defendant's sentence pursuant to this statute, the Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

(H) Defendant understands, and has fully discussed with Defendant's attorney, that the Court will order mandatory restitution in this case pursuant to 18 U.S.C. § 3663A, the exact amount to be determined by the Court at sentencing.

(I) The Defendant and the government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(J) Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding Defendant's involvement and the involvement of all others involved in the charges alleged in the present Indictment





as well as any and all criminal violations about which the Defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. The Defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. The Defendant understands that this agreement does not require the Defendant to implicate any particular individual or individuals or to "make a case," rather it requires the Defendant to be truthful and to testify truthfully whenever called upon.

(K) The United States of America and Defendant hereby agree that any breach of this agreement by the Defendant occasioned by a failure to cooperate, by withholding information, giving of false information, perjury, or failure to testify in any judicial proceeding in connection with the individuals, matters, and transactions referred to in the indictment, would: (a) not relieve the Defendant of Defendant's plea of guilty; (b) permit the government to reinstate and proceed with prosecution on any other charges arising from the matters referred to in this Information; (c) permit the government to instigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statement, and/or obstruction of justice; and (d) permit the government to utilize against the Defendant in any subsequent



**Defendant's initials** **AUSA's initials**

**Defense counsel's initials**

judicial proceeding any and all statements made by the defendant. If a legitimate issue arises as to whether or not there has been a breach of this agreement, said question shall be determined by the United States District Court for the Middle District of Georgia. The burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence. The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A) That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant or Debra Powers.

(B) If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to the Court that the Defendant receive a downward



NP **Defendant's initials** JC **AUSA's initials**

EH **Defense counsel's initials**

adjustment in the advisory guideline range. But the decision whether the Defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion. The United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying Defendant's involvement, giving conflicting statements as to Defendant's involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(C) That he further agrees, pursuant to Rule 11(c) Federal Rule of Criminal Procedure, to move the Court at the time of sentencing to dismiss the remaining counts of the Indictment.

(D) That he further agrees, if the Defendant cooperates truthfully and completely with the government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to Defendant's cooperation, to make the extent of the Defendant's cooperation known to the sentencing court. If the Defendant is not completely truthful and candid in his cooperation with the Government, the Defendant may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If the



NP **Defendant's initials** JC **AUSA's initials**

EH **Defense counsel's initials**

cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. Section 3553(c) and/or Section 5K1.1 of the advisory Sentencing Guidelines warranting a government motion at the time of sentencing recommending a downward departure from the advisory guideline range. If the cooperation is completed subsequent to sentencing the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one year of the imposition of sentence. In either case, the Defendant understands that the determination as to whether defendant has provided "substantial assistance" rests solely with the Government. Any good faith efforts on the part of the Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward department from the advisory guideline range or a Rule 35 motion. In addition, should the Defendant fail to cooperate truthfully and completely with the Government, or if the Defendant engages in any additional criminal conduct, the Defendant shall not be entitled to consideration pursuant to this paragraph.



NP **Defendant's initials** JC **AUSA's initials**

EH **Defense counsel's initials**

(E) Pursuant to Section 1B1.8 of the United States Sentencing Guidelines, the Government agrees that any self-incriminating information which was previously unknown to the Government and is provided to the government by the Defendant in connection with defendant's cooperation and as a result of the defendant's plea agreement to cooperate will not be used in determining the advisory guideline range. Further, the government agrees not to bring additional charges against the Defendant, with the exception of charges resulting from or related to violent criminal activity, as defined in 18 U.S.C. § 924e(2)(B)(1), based on any information provided by the Defendant in connection with the Defendant's cooperation, which information was not known to the government prior to said cooperation. This does not restrict the government's use of information previously known or independently obtained for such purposes.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United





**Defendant's initials** **AUSA's initials**

**Defense counsel's initials**

States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and the Defendant, by and through Defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing. Subject to the above paragraph, the United States Attorney and the Defendant stipulate and agree that the following facts could be proved at trial beyond a reasonable doubt:

Southwest Georgia Farm Credit ("SWGFC") located in Bainbridge, Georgia, a place within Albany Division of the Middle District of Georgia, was a financial institution regulated by the Farm Credit Administration and subject to the jurisdiction of this Court.



NP **Defendant's initials** ____ **AUSA's initials**

____ **Defense counsel's initials**

Larry Malone ("Malone") was the Chief Lending Officer at SWGFC during the conspiracy. Malone made the loans in question to defendant Powers.

Defendant Nicholas D. Powers, III, ("Powers") borrowed approximately $20,100,828.00 from SWGFC from on or about March of 1995, until on or about March 2008.

Beginning in 1999, and continuing until about March 5, 2008, defendant Powers gave Malone gifts of land and monies. Powers and Malone conspired to engage in a bribe-kickback arrangement in connection with the business of SWGFC. Malone, the banker, would make loans to Powers with official funds from SWGFC, loans which Powers would not have qualified for, or would not have qualified for on the generous terms and conditions given to him by Malone. Powers would reward Malone by giving him bribes or kickbacks. The bribes and kickbacks were sometimes made before the loan in question, sometimes on the same day of the loan, and sometimes after the date of the loan. Powers made these payments to Malone in connection with the banking business of SWGFC and to influence Malone's . Furthermore, the *monies* that Powers delivered to Malone were SWGFC loan proceeds which had been loaned to Powers.



NP Defendant's initials

JC AUSA's initials

EK Defense counsel's initials

In furtherance of the conspiracy, Defendant Powers and Malone committed the following overt acts:

1. On February 2, 1999, Malone authorized a loan in the amount of $865,000 to Defendant Powers.

2. On December 30, 1999, Defendant Powers gave a relative of Malone a gift of land in Jackson County, North Carolina.

3. On September 6, 2000, Malone approved a loan in the amount of $2,995,000 to defendant Powers.

4. On April 14, 2004, Defendant Powers paid a relative of Malone the sum of $20,000.00.

5. On September 25, 2005, defendant Powers paid a relative of Malone the sum of $55,000.00.

6. On February 13, 2008, Malone made loan number 988022-14 to Defendant Powers in the amount of $300,500.00 for the stated purpose of "Operating Expenses and Irrigation/Pipe Upgrades."

7. On February 25, 2008, Defendant Powers paid a relative of Malone the sum of $100,000.00.





**Defendant's initials**

**Defense counsel's initials**

**AUSA's initials**

8. On or about February 11, 2008, the defendant, made a material false statement for the purpose of influencing the action of SWGFC in connection with a loan he applied for, to wit: the defendant falsely stated that the purpose of the loan, (No. 988022-14), was "Operating Exp." and "Irrigation/Pipe Upgrades," when in truth and in fact, the Defendant diverted $100,000 of those loan proceeds to a relative of Malone, as set forth in overt Act # 7 of the indictment.

The parties reserve the right to contest the loss and restitution amounts at a sentencing hearing.

**(8)**

**ACCEPTANCE OF PLEA AGREEMENT**

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this 4th day of December, 2013.

MICHAEL J. MOORE
UNITED STATES ATTORNEY
Jim Crane
JIM CRANE
ASSISTANT U. S. ATTORNEY



NP Defendant's initials

JC AUSA's initials

EH Defense counsel's initials

I, NICHOLAS D. POWERS, III, have read this agreement and had this agreement read to me by my attorney, EDWARD HINE. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

NICHOLAS D. POWERS, III.
DEFENDANT

I, EDWARD HINE, attorney for Defendant, NICHOLAS D. POWERS, III., have explained the Indictment and the government's evidence received through discovery and my investigation of the charge against the Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

EDWARD HINE
ATTORNEY FOR DEFENDANT